**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **JOSETTE M. FERRELL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 3:08CV828** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Josette Ferrell, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner's final decision is based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

1

for summary judgment (Docket no. 11) be DENIED; that Defendant's motion for summary judgment (Docket no. 12) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed her current applications for DIB and SSI on February 22, 2005, claiming disability with an alleged onset date of January 25, 2005. (R. at 111, 117.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 85-90, 91-98.) Plaintiff requested a hearing and on July 10, 2007, she testified before an ALJ. (R. at 23-80.) Plaintiff was given written notice of her right to legal representation prior to the hearing, reminded of her right to counsel at the hearing, and voluntarily waived her right to counsel in writing. (R. at 97-98, 26-27, 169.) On July 27, 2007, the ALJ denied Plaintiff's application, finding that she was not disabled under the Act because, based on her age, education, work experience, and residual functional capacity, there are jobs she could perform which exist in significant numbers in the national economy. (R. at 13-22.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 1-5.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services ("DDS"), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

### III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to

determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" ("SGA").[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity ("RFC")[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a Vocational Expert ("VE"). When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV. ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 15.) At steps two and three, the ALJ found that Plaintiff had the severe impairments of a substance addiction disorder, mood disorder due to drug abuse, lung cysts, and endocarditis,[6] but that these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 15-18.) The ALJ next determined that Plaintiff had the RFC to perform unskilled medium work, noting that "the claimant's subjective symptoms and residual effects from endocarditis prevented her from performing heavy work and resulted in some postural limitations." (R. at 20-21.)

The ALJ then determined at step four of the analysis that Plaintiff could not perform any past relevant work because of the levels of exertion required in each position. (R. at 21.) At step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ nevertheless found that there are other occupations which exist in significant numbers in the national economy that Plaintiff could perform. (R. at 21-22.) Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R.

---

[6] Endocarditis is the inflammation of the inner lining of the heart, the endocardium. Saunders, Dorland's Illustrated Medical Dictionary 1881 (31st ed. 2007).

at 2.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot. for Summ. J.) Although not clearly articulated by the Plaintiff, this Court also interprets her argument as an assertion that the ALJ's conclusion that Plaintiff had the RFC to perform medium work is not supported by substantial evidence in the record. (Pl.'s Mem. in Supp. of Mot. for Summ. J. "Pl.'s Mem." at 1-2.) Defendant argues in opposition that the Commissioner's final decision is supported by substantial evidence with the application of the correct legal standard and should therefore be affirmed. (Def.'s Mot. for Summ. J. "Def.'s Mem." at 12-16.)

**A. Plaintiff contends that the ALJ's conclusion that Plaintiff had the RFC to perform medium work is not supported by substantial evidence.**

Plaintiff argues that the ALJ's assessment regarding Plaintiff's physical RFC is not supported by substantial evidence of record. (Pl.'s Mem. at 1-2.) Specifically, Plaintiff asserts that the ALJ erred by improperly considering her history of drug abuse.[7] (Pl.'s Mem. at 2.)

At step three of the sequential analysis, but before deciding whether a claimant can perform past relevant work, an ALJ must determine the claimant's RFC. 20 C.F.R. §§ 404.1520(e)-(f), 404.1545(a)(5)(i). In analyzing a claimant's physical abilities, an ALJ will first

---

[7] Under the Contract With America Advancement Act of 1996, a claimant with a drug addiction or alcoholism may not receive benefits if such drug addiction or alcoholism is a contributing factor material to the determination of disability. See 20 C.F.R. § 404.1535(a). Drug addiction is a contributing factor if the claimant's current physical and mental limitations, which resulted in a finding of disability, would no longer be disabling if the claimant stopped using drugs. 20 C.F.R. § 404.1535(b). Drug addiction is not a contributing factor if, regardless of the claimant's drug use, her remaining limitations would continue to be disabling. Id. These limitations, however, apply only when there has been a finding that the claimant is disabled and there is medical evidence of a drug addiction or alcoholism. See 20 C.F.R. § 404.1535(a). Because Plaintiff was not found to be disabled at any point, the Contract With America provisions are not applicable in this case.

assess the nature and extent of the claimant's physical limitations, and then determine the claimant's RFC for work activity on a regular and continuing basis. See 20 C.F.R. § 404.1545(b). Generally, it is the responsibility of the claimant to provide the evidence that the ALJ utilizes in making his RFC determination; however, before a determination is made that a claimant is not disabled, the ALJ is responsible for developing the claimant's complete medical history, including scheduling consultative examinations if necessary. See 20 C.F.R. § 404.1545(a)(3). The ALJ's RFC determination must incorporate impairments supported by the objective medical evidence in the record and those based on the claimant's credible complaints. See 20 C.F.R. § 404.1545(a)(3).

Here, the ALJ determined that Plaintiff had the RFC to perform medium work. (R. at 18.) Specifically, the ALJ found that Plaintiff could sit for up to six hours in an eight-hour work day, stand and walk for up to six hours in an eight-hour work day, and lift or carry weights of up to fifty pounds frequently. (R. at 20-21.) Nonexertionally, the ALJ concluded that Plaintiff may have been limited to performing unskilled work based on her psychiatric impairments, but that she was capable of understanding, carrying out, and remembering simple instructions and tasks. (R. at 21.)

In reaching his conclusions, the ALJ conducted a thorough review of the medical records during the time period relevant to Plaintiff's disability claim. (R. at 18-21.) The ALJ first considered Plaintiff's hearing testimony, in which she indicated that she is currently able to work and that her doctor released her to return to work in February 2006. (R. at 19, 44, 235.) Furthermore, despite her alleged inability to work while recovering from surgery after surgery to

remove her tricuspid valve[8] in January 2005, Plaintiff was consuming a "bag" of heroin per day. (R. at 19.) The ALJ noted that Plaintiff's medical records from January 2005 demonstrated significant improvement within three months of surgery, despite her noncompliance with treatment and ongoing substance abuse. (R. at 19, 237-39, 241.) Treatment records from 2005 do not contain any complaints such as severe shortness of breath, fatigue, or pain that would have prevented Plaintiff from working; indeed, she continued to use drugs and smoke cigarettes during the period and did not require any prescription medications. (R. at 19-20.) On February 6, 2006, Plaintiff's attending surgeon (Dr. Katlaps) stated that Plaintiff was unable to work from January 2005 until February 2006 due to a slow recovery, but that she was to be released to work, with no restrictions. (R. at 20, 235.) However, Dr. Katlaps did not explain why Plaintiff was unable to work; nor did he provide examples of specific functional limitations (R. at 20, 235.) His opinion is also inconsistent with his own treatment records from 2005 which note significant improvement in her conditioning and functioning. (R. at 20, 237, 241.) Plaintiff's improvement during the period progressed consistently despite noncompliance with treatment and continuing substance abuse. (R. at 20, 237, 241.)

A review of the record demonstrates that the ALJ's physical RFC analysis was thorough and that it was supported by the substantial weight of the evidence. On March 1, 2005, Dr. Katlaps wrote to Plaintiff's referring physician (Dr. Wixted), stating that Plaintiff could walk a quarter mile without stopping, felt much better than before her surgery, and that her symptoms continued to improve. (R. at 241.) In April of the same year, Plaintiff continued to improve and

---

[8] The tricuspid valve is a valve located on the right side of the heart, between the right atrium and the right ventricle. Dorland's at 836.

had no significant new complaints.  (R. at 237-39.)  Plaintiff also reported that she could climb three flights of stairs to her apartment in three minutes and could walk on flat surfaces without any significant limitations.  (R. at 237.)  On November 15, 2005, an internal medicine specialist (Dr. Powell) examined Plaintiff, who reported that she could walk a mile at her own pace, cooked and did housework, required no prescription medications, but continued to use heroin.  (R. at 198-200.)  Dr. Powell concluded that Plaintiff was capable of performing medium work and had no manipulative or environmental limitations.  (R. at 202.)  On December 17, 2005, Plaintiff was seen by a licensed clinical psychologist (Dr. Dougherty), at which time she reported that she was not currently receiving mental health or substance abuse treatment, and that she was independent in performing activities of daily living.  (R. at 223.)  Plaintiff's mental status examination showed that she was alert and oriented with normal thought processes, average attention, and average memory.  (R. at 223.)  Dr. Dougherty concluded that Plaintiff needed substance abuse treatment, but that she could perform simple, repetitive tasks as well as moderately complex, detailed tasks, although she would require additional supervision because of her drug abuse.  (R. at 230.)  State agency physicians and psychologists reviewed the record evidence on December 20, 2005, and concluded that Plaintiff was capable of meeting the basic mental demands of competitive work and had the RFC to perform medium work.  (R. at 259-64.)

      It is clear that the ALJ's determination of Plaintiff's RFC was based on the substantial weight of the evidence.  Accordingly, the Court recommends a finding that the ALJ's conclusions regarding Plaintiff's RFC determination is based on substantial evidence in the record, with the application of the correct legal standard, and should not, therefore, be overturned.

## V.  CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (Docket no. 11) be DENIED; that Defendant's motion for summary judgment (Docket no. 12) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within ten (10) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

          /s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date:  October 8, 2009
Richmond, Virginia